IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CHARLES R. BURLEY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 06-701-SLR |
| | ) |
| RAFIEL WILLIAMS, DR. CONNOLY/ | ) |
| CONLIN, WILLIAM JOYCE, and | ) |
| DR. HERSHEY, | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM ORDER**

At Wilmington this 19th day of April, 2007, having screened the case pursuant to 28 U.S.C. § 1915 and § 1915A;

IT IS ORDERED that the claims against Dr. Connoly and Dr. Hershey are dismissed, without prejudice, for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915 and § 1915A, for the reasons that follow:

1. **Background.** Plaintiff Charles R. Burley, a detainee at the Howard R. Young Correctional Institution ("HRYCI"), filed this civil rights action pursuant to 42 U.S.C. § 1983. He appears pro se and has been granted leave to proceed in forma pauperis.

2. **Standard of Review.** When a litigant proceeds in forma pauperis, 28 U.S.C. § 1915 provides for dismissal under certain circumstances. When a prisoner seeks redress from a government defendant in a civil action, 28 U.S.C. § 1915A provides for screening of the complaint by the court. Both 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1) provide that the court may dismiss a complaint, at any time, if the action is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks

monetary relief from a defendant immune from such relief. An action is frivolous if it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989).

3. The court must "accept as true factual allegations in the complaint and all reasonable inferences that can be drawn therefrom." Nami v. Fauver, 82 F.3d 63, 65 (3d Cir. 1996)(citing Holder v. City of Allentown, 987 F.2d 188, 194 (3d Cir. 1993)). Additionally, pro se complaints are held to "less stringent standards than formal pleadings drafted by lawyers" and can only be dismissed for failure to state a claim when "it appears 'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" Haines v. Kerner, 404 U.S. 519, 520-521 (1972)(quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957)).

4. **Discussion**. Plaintiff alleges he suffered fractured bones to his left arm, wrist, and hand area as a result of a gunshot wound and has not received appropriate medical treatment while subsequently incarcerated at HRYCI.[1] Plaintiff checked into the infirmary at HRYCI on or around July 29, 2006. Plaintiff was seen by Dr. Mesa, an orthopedic specialist in mid-August 2006. Although not clear, it appears that Dr. Mesa is an outside specialist who does not work at the HRYCI. A follow-up visit was to take place in three to four weeks. Approximately seven weeks after he was seen by Dr. Mesa, plaintiff scheduled an appointment with defendant "Dr. Connoly/Conlin" ("Dr. Connoly"), the head doctor at HRYCI, because he had not had the follow-up visit with Dr. Mesa. Plaintiff alleges that Dr. Connoly indicated he would schedule plaintiff to see

---

[1]The complaint does not indicate when plaintiff sustained the injuries.

Dr. Mesa immediately, but more than two weeks passed and he did not see Dr. Mesa. Plaintiff alleges that he made another appointment with Dr. Connoly, who told plaintiff he did not know why plaintiff had not seen Dr. Mesa. Plaintiff alleges that Dr. Connoly indicated he would make an appointment for plaintiff to see Dr. Mesa and a physical therapist. Two weeks later, on or about October 19, 2006, plaintiff was seen by a Dr. Hershey, rather than Dr. Mesa. Plaintiff alleges Dr. Connoly's medical treatment was in punishment for plaintiff's persistent grievances.

5. Plaintiff alleges that when Dr. Hershey examined his left arm and lower wrist, Dr. Hershey hurt the appendage by bending it during the examination. Plaintiff complains that Dr. Hershey never asked if he was in pain, never made eye contact, seemed disinterested, and would not look at a newspaper article about a person with a similar injury. The complaint states that Dr. Hershey looked at plaintiff's x-ray, made a few comments and left the room. Plaintiff received a wrist support from the nurse and was advised that there was no follow-up. Plaintiff alleges that he "hurt worse for about 10 days after that visit." (D.I. 2, ¶ 4.)

6. Plaintiff also alleges that in early September 2006,[2] he presented at the health department for a physical. While there, he complained of his medical problems to William Joyce ("Joyce"), the medical director at HRYCI, and alleges that Joyce refused to address any of plaintiff's concerns unless they were related to the physical. Plaintiff complains he is in a great deal of pain and is prescribed medication, but is not

---

[2]Plaintiff does not provide a specific year, but the court presumes the physical occurred in 2006 since it is the time frame of the other allegations in the complaint.

receiving it. He alleges he is not receiving the medication in retaliation for persistently filing grievances.

7. **Medical.** As a pretrial detainee, the Due Process Clause of the Fourteenth Amendment affords plaintiff protection for his medical needs claim. Ingraham v. Wright, 430 U.S. 651, 671-72 n.40(1977) See also Bell v. Wolfish, 441 U.S. 520, 535 n.16 (1979). When evaluating whether a claim for inadequate medical care by a pre-trial detainee is sufficient under the Fourteenth Amendment, the Third Circuit has found no reason to apply a different standard than that set forth in Estelle v. Gamble, 429 U.S. 97 (1976). Natale v. Camden County Correctional Facility, 318 F.3d 575, 581 (3d Cir. 2003). To evaluate a medical needs claim, the court determines if there is evidence of a serious medical need and acts or omissions by prison officials indicating deliberate indifference to those needs. Id. at 582.

8. A prison official is deliberately indifferent if he knows that a prisoner faces a substantial risk of serious harm and fails to take reasonable steps to avoid the harm. Farmer v. Brennan, 511 U.S. 825, 837 (1994). A prison official may manifest deliberate indifference by "intentionally denying or delaying access to medical care." Estelle v. Gamble, 429 U.S. at 104-05. However, "a prisoner has no right to choose a specific form of medical treatment," so long as the treatment provided is reasonable. Harrison v. Barkley, 219 F.3d 132, 138-140 (2d Cir. 2000). Moreover, allegations of medical malpractice are not sufficient to establish a constitutional violation. White v. Napoleon, 897 F.2d 103, 108-09 (3d Cir. 1990) (citations omitted); see also Daniels v. Williams, 474 U.S. 327, 332-34 (1986) (negligence is not compensable as a Constitutional

deprivation). Finally, "mere disagreement as to the proper medical treatment" is insufficient to state a constitutional violation. See Spruill v. Gillis, 372 F.3d 218, 235 (3d. Cir. 2004) (citations omitted).

9. It is evident in reading the complaint that plaintiff received medical care from Drs. Connoly and Hershey, albeit not to his liking. His disagreement with the medical treatment received and dislike of the demeanor of both physicians is insufficient to state a claim for deliberate indifference to a serious medical need. Moreover, to the extent he claims the physicians were negligent, such a claim cannot lie under § 1983. Accordingly, the court will dismiss without prejudice the claims against Dr. Connoly and Dr. Hershey for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915 and § 1915A.

10. **Respondeat Superior**. The court will also dismiss the claims against Warden Williams and Joyce to the extent that the complaint seeks to hold them liable on the basis of their supervisory positions. Supervisory liability cannot be imposed under 1983 on a respondeat superior theory. See Monell v. Department of Social Services of City of New York, 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). In order for a supervisory public official to be held liable for a subordinate's constitutional tort, the official must either be the "moving force [behind] the constitutional violation" or exhibit "deliberate indifference to the plight of the person deprived." Sample v. Diecks, 885 F.2d 1099, 1118 (3d Cir. 1989) (citing City of Canton v. Harris, 489 U.S. 378, 389 (1989)).

11. **Conclusion**. Based upon the foregoing analysis, the claims against

defendants Dr. Connoly and Dr. Hershey are dismissed, without prejudice, as frivolous and for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915 and § 1915A. The respondeat superior claims against Warden Williams and Joyce are also dismissed. Plaintiff, however, may proceed with the retaliation claims against defendants Warden Raphael Williams and William Joyce.

IT IS FURTHER ORDERED that:

1. The clerk of the court shall cause a copy of this order to be mailed to plaintiff.

2. Pursuant to Fed. R. Civ. P. 4(c)(2) and (d)(2), plaintiff shall provide to the clerk of the court **original** "U.S. Marshal-285" forms for **remaining defendants Warden Rafael Williams and William Joyce**, as well as for the Attorney General of the State of Delaware, 820 N. FRENCH STREET, WILMINGTON, DELAWARE, 19801, pursuant to DEL. CODE ANN. tit. 10 § 3103(c). **Plaintiff has provided the court with copies of the complaint (D.I. 2) for service upon defendant and the attorney general.**

3. The United States Marshal shall forthwith serve a copy of the complaint (D.I. 2), this order, a "Notice of Lawsuit" form, the filing fee order(s), and a "Return of Waiver" form upon the defendant(s) so identified in each 285 form.

4. Within **thirty (30) days** from the date that the "Notice of Lawsuit" and "Return of Waiver" forms are sent, if an executed "Waiver of Service of Summons" form has not been received from a defendant, the United States Marshal shall personally serve said defendant(s) pursuant to Fed. R. Civ. P. 4(c)(2) and said defendant(s) shall be required to bear the cost related to such service, unless good cause is shown for failure to sign

and return the waiver.

     5. Pursuant to Fed. R. Civ. P. 4(d)(3), a defendant who, before being served with process timely returns a waiver as requested, is required to answer or otherwise respond to the complaint within **sixty (60) days** from the date upon which the complaint, this order, the "Notice of Lawsuit" form, and the "Return of Waiver" form are sent. If a defendant responds by way of a motion, said motion shall be accompanied by a brief or a memorandum of points and authorities and any supporting affidavits.

     6. No communication, including pleadings, briefs, statement of position, etc., will be considered by the court in this civil action unless the documents reflect proof of service upon the parties or their counsel.

     7. **NOTE:** \*\*\* When an amended complaint is filed prior to service, the court will **VACATE** all previous service orders entered, and service **will not take place**. An amended complaint filed prior to service shall be subject to re-screening pursuant to 28 U.S.C. §1915(e)(2) and § 1915A(a). \*\*\*

     8. **NOTE:** \*\*\* Discovery motions and motions for appointment of counsel filed prior to service will be dismissed without prejudice, with leave to refile following service. \*\*\*

                                                                     _\[signature\]_
                                                                   UNITED STATES DISTRICT JUDGE