IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| CHARLES R. BURLEY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 06-701-SLR |
| | ) | Jury Trial Demanded |
| RAFIEL WILLIAMS | ) | |
| and WILLIAM JOYCE, | ) | |
| | ) | |
| Defendants. | ) | |

**MOTION TO DISMISS FOR FAILURE TO PROSECUTE PURSUANT
TO FED. R. CIV. P. 41(b) AND LOCAL RULE 41.1**

Defendant Raphael Williams ("Defendant Williams"), by and through undersigned counsel, respectfully requests this Honorable Court to enter an order dismissing the instant action for failure to prosecute pursuant to Fed. R. Civ. P. 41(b) and Local Rule 41.1. In support of his position, Defendant Williams represents as follows:

1.      Charles R. Burley ("Plaintiff") is an inmate incarcerated under the supervision of the Delaware Department of Correction ("DOC"). From August 29, 2007 to the present, Plaintiff has been housed at the Delaware Correctional Center ("DCC") in Smyrna, Delaware. He was previously held at the Howard R. Young Correctional Institution ("HRYCI").

2.      On November 20, 2006, Plaintiff filed a complaint with leave to proceed *in forma pauperis* against Defendant Williams, "Dr. Connoly," William Joyce, and "Dr. Hershey." D.I.2. Plaintiff alleges that he received inadequate medical care while incarcerated at HYRCI. *Id.* He claims, in part, that Defendant Williams directed Dr. Connoly and Dr. Hershey to give Plaintiff substandard medical treatment because of the inmate grievances Plaintiff filed, and that, as Warden of HRYCI, Defendant Williams should be held responsible for any problems with inmate medical treatment. *Id.*

3.  In a Memorandum Opinion and Order dated April 19, 2007, Dr. Connoly and Dr. Hershey were dismissed from Plaintiff's action, as the Court deemed that the claims against them for improper medical treatment were frivolous and failed to state a claim upon which relief could be granted. D.I.8. *Respondeat superior* claims against Defendant Williams and William Joyce were also dismissed. *Id.* The Court advised Plaintiff that he could proceed with the retaliation claims against Defendant Williams and William Joyce, and directed Plaintiff to file the appropriate USM 285 forms with the U.S. Marshall. *Id.*

4.  127 days passed from the issuance of the Court's Memorandum Opinion and Order, and Plaintiff had still not submitted the USM 285 forms for service, as directed by the Court. On August 30, 2007, a second Order was docketed, directing Plaintiff to submit these service forms, or face dismissal of his action. D.I.9. Plaintiff complied on September 14, 2007.

5.  On October 16, 2007, the Clerk of Court docketed Defendant Williams' waiver of service. D.I.13.

6.  On October 18, 2007, Defendant William Joyce's USM 285 form was returned unexecuted. D.I.14.

7.  The Court issued an Order to Show Cause to Plaintiff on why William Joyce should not be dismissed from this case for failure to provide sufficient information to effectuate timely service of process on November 20, 2007. D.I.15.

8.  Defendant Williams filed his Answer to the Complaint on December 14, 2007. D.I.16.

9.  The same day, the Clerk of Court docketed Plaintiff's response to the Court's Order to Show Cause. D.I.17. Plaintiff requested an attorney and an investigator to pursue his claims against medical personnel and William Joyce.

10. Since December 14, 2007, Plaintiff has not filed any documents in this case, despite being advised in <u>April 2007</u> that he could pursue his retaliation claim against Defendant Williams. Although he received the Court's Scheduling Order dated March 29, 2008 (D.I.20) informing him that discovery should be pursued in this case, he has not taken action.

11. Rule 41(b) ("Dismissal of Actions; Involuntary Dismissal") of the Federal Rules of Civil Procedure states:

> For failure of the plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of an action or of any claim against the defendant. Unless the court in its order for dismissal otherwise specifies, a dismissal under this subdivision and any dismissal not provided for in this rule, other than a dismissal for lack of jurisdiction, for improper venue, or for failure to join a party under Rule 19, operates as an adjudication upon the merits.

12. Local Rule 41.1 states that "in each case pending wherein no action has been taken for a period of 3 months, the Court may, on its own or upon application of any party, and after reasonable notice, enter an order dismissing such case unless good reason for the inaction is given." Here, more than 3 months (or 90 days) established by Local Rule 41.1 has elapsed. 137 days have passed since Plaintiff made his last filing (in D.I.18), responding to the Court's Order to Show Cause. Over *one year* has passed since Plaintiff was permitted to proceed with his retaliation claim against Defendant Williams. D.I.8. 127 days elapsed between the Court's Order directing Plaintiff to submit the USM 285 forms against the remaining defendants (D.I.8), and the Court's second Order reminding him to do the same, or face dismissal (D.I.9). This first delay alone constitutes grounds for dismissal pursuant to Fed. R. Civ. P. 4(m).

13. Local Rule 41.1 also states that "after such application [for dismissal] or notice from the Court, no application for a continuance or any proceeding taken under the discovery

3

rules shall be deemed to toll the case unless good reason for the inaction is given." Therefore, Plaintiff cannot now proceed with litigating his case to cure the period of inactivity that has transpired.

14. Plaintiff's action should be dismissed pursuant to Fed. Civ. Pro. R. 41(b) and Local Rule 41.1 for failure to prosecute. While "dismissal is a harsh remedy to which a court should resort only in extreme cases, as 'the policy of the law is to favor the hearing of a litigant's claim on the merits,'" Courts may dismiss cases with prejudice for want of prosecution "to achieve the orderly and expeditious disposition of cases." *Marshall v. Sielaff*, 492 F. 2d 917 (3d Cir. 1974)(quoting *Link v. Wabash R.R. Co.,* 370 U.S. 626, 630-31 (1962)); see also *Eash v. Riggins Trucking Inc.,* 757 F. 2d 557, 561, 564 (3d Cir. 1985)(in banc).

WHEREFORE, for the foregoing reasons, Defendant Williams respectfully requests this Honorable Court to dismiss Plaintiff's action for failure to prosecute, pursuant to Fed. R. Civ. P. 41(b) and Local Rule of Civil Procedure 41.1.

**STATE OF DELAWARE**
**DEPARTMENT OF JUSTICE**

*/s/ Catherine Damavandi*
Catherine Damavandi (ID # 3823)
Deputy Attorney General
Delaware Department of Justice
Carvel State Office Building
820 N. French Street, 6th Floor
Wilmington, DE 19801
Catherine.Damavandi@state.de.us
(302) 577-8400
Attorney for Defendant Raphael Williams

Dated: April 29, 2008

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

|  |  |  |
|---|---|---|
| CHARLES R. BURLEY, | ) | |
| Plaintiff, | ) | |
| v. | ) | C.A. No. 06-701-SLR |
|  | ) | Jury Trial Demanded |
| RAFIEL WILLIAMS and WILLIAM JOYCE, | ) | |
| Defendants. | ) | |

## ORDER

**WHEREAS**, Plaintiff has failed to litigate his claims; and

**WHEREAS**, the last filing by the Plaintiff in this case was on December 14, 2007, more than ninety days ago; and

**WHEREAS**, Plaintiff has failed to show cause why this case should not be dismissed for failure to prosecute;

**IT IS SO ORDERED** this _____ day of _____, 2008, that Defendant Raphael Williams' Motion to Dismiss for Failure to Prosecute is hereby **GRANTED.**

_____
Judge Sue L. Robinson
United States District Court Judge

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

|  |  |  |
|---|---|---|
| CHARLES R. BURLEY, | ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | C.A. No. 06-701-SLR |
| RAFIEL WILLIAMS and WILLIAM JOYCE, | ) ) ) ) | Jury Trial Demanded |
| Defendants. | ) ) | |

*CERTIFICATE OF SERVI CE*

I hereby certify that on April 29, 2008, I electronically filed *Defendant Raphael Williams' Motion to Dismiss for Failure to Prosecute Pursuant to Fed.Civ.P.Rule 41(b)* with the Clerk of Court using CM/ECF.

I further certify that on April 29, 2008, I caused the within document to be mailed by United States Postal Service to the following non-registered party:

>Charles R. Burley, SBI#141273
>Delaware Correctional Center
>1181 Paddock Road
>Smyrna, DE 19977

>STATE OF DELAWARE
>DEPARTMENT OF JUSTICE
>
>/s/ Catherine Damavandi
>Catherine Damavandi (ID # 3823)
>Deputy Attorney General
>Delaware Department of Justice
>Carvel State Office Building
>820 N. French Street, 6th Floor
>Wilmington, DE 19801
>Catherine.Damavandi@state.de.us
>(302) 577-8400
>Attorney for Defendant Raphael Williams